IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVSION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Kempes Jean and Lori Jean,** | ) | Case No. 20-10883 |
| | ) | |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| **Debtors.** | ) | |

**DEBTOR'S OBJECTION TO TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE AGENT AND REQUEST FOR HEARING**

COMES NOW, Kempes Jean and Lori Jean, Debtors, by their undersigned counsel, Sari Kurland, and the Kurland Law Group, and files this Objection to the Chapter 7 Trustee's Application to Employ Real Estate Agent, respectfully stating as follows:

1. Kempes Jean and Lori Jean ("Debtors") filed a joint voluntary Chapter 7 petition on January 22, 2020.

2. Debtors are married and filed this instant case as a joint case.

3. Debtors own real property located at 19300 Erin Tree Court, Gaithersburg, MD 20879.3 (the "Property").

4. Debtors own this Property as Tenants by the Entirety.

5. The Property is the Debtors' family home, where they and their four children reside.

6. On March 13, 2020 Chapter 13 Trustee, Gary A. Rosen, filed an Application to Employ Real Estate Agent to market and sell real property located at 19300 Erin Tree Court, Gaithersburg, MD 20879.

7. U.S Bankruptcy Code *11 U.S.C § 522(b)(3)(B)* allows Debtors to exempt equity in real property where it is owned as Tenants by Entirety.

8. By way of this applicable exemption, any property or equity in such property owned as Tenants by Entirety, is not included in the Bankruptcy Estate.

9. By law, Chapter 7 Trustees have the authority to liquidate a Debtor's Bankruptcy Estate for the benefit and purpose to pay unsecured creditors' claims.

10. Debtors' real property located at 19300 Erin Tree Court, Gaithersburg, MD 20879 is owned by Mr. and Mrs. Jean as by Tenants by Entirety and thus exempt from the Bankruptcy Estate.

11. Therefore, this exempt property is not under the Chapter 7 Trustee's authority sell.

12. An exception to this rule of law is *Sumy v. Schlossberg*, where a Chapter 7 Trustee has the authority to sell property owned as Tenants by Entirety, if there are unsecured debts jointly owned by married Debtors. ***Sumy v. Schlossberg (In re Sumy)***, *777 F.2d 921, 928 (4th Cir. 1985)*.

13. Debtors filed amended Schedules E/F on or around March 18, 2020.

14. Such filling shows that Mr. and Mrs. Jean do not have any joint unsecured debt, except for Federal and State priority tax debt in the amount of $5,810.

15. Such exception to this rule does not apply and therefore the Chapter 7 Trustee does not have the authority sell Debtors' family home to pay the $5810 tax debt.

16. Furthermore, the Chapter 7 Trustee has not filed any objections to Debtors' exemptions and has made a unilateral decision that this case involves large amounts of both equity in the marital home as well as unsecured joint debts.

17. The Chapter 7 Trustee proposes in his attached Listing Agreement to sell Debtors' principal residence for the sum of $750,000 - $785,000. Debtors' home is one of the smaller units

in the neighborhood, others of similar size are all valued on Zillow and the attached CMA prepared by Structure Realty. Mr. Silverberg, owner of Structure Realty opines that estimated values for similar properties, would be in the $567,300- $672,800 price range. **See Exhibit 1.**

18. Debtors' current outstanding balance on the mortgage loan secured by the property is $587,243.

19. The Trustee's Exhibit A attached to his Motion includes a Short Sale Addendum which raises concern as to the true nature of his intentions, and whether the ability to market and sell this property for an amount greater than the associated secured claims, in light of the tremulous economy given the COVID-19 Pandemic.

20. A favorable sale price in this current economy, given the price point of similar sized homes being sold in the neighborhood, is highly unlikely and risky to assume that the outcome of such sale will yield any proceeds available for the $5810 income tax claims.

21. Moreover, given the outstanding balance on the mortgage and any other applicable State or Federal exemptions, it is presumed that there will be no equity to be liquidated for the disbursement of creditors' claims. This fact is emphasized when taking into account the average associated costs and fees of such sale.

22. Debtors' Counsel believes that the Chapter 7 Trustee's Application to Employ Real Estate Agent is baseless as the Chapter 7 Trustee does not cite any applicable bankruptcy law that will allow the authority to sell real property located at 19300 Erin Tree Court, Gaithersburg, MD 20879.

23. Additionally, Mr. and Mrs. Jean live in their home with their four children and a Trustee sale of their home would cause extreme and unnecessary distress to their family.

24. Finally, the Trustee failed and refused to respond to Ms. Kurland's many attempts to reach out and settle any claims he may have against the Estate, thus requiring the filing of this Opposition to his motion.

WHEREFORE, based on the foregoing, Debtors, Kempes Jean and Lori Jean, Respectfully Requests that this Court enter an Order Denying the Chapter 7 Trustee's Application to Employ Real Estate Agent and set hearing for such matters above, or any other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/*Sari K. Kurland*
Sari Karson Kurland, Esq.
The Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
Email: skurland2@comcast.net
*Attorney for Debtors*