IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
At Greenbelt

| | |
|---|---|
| In Re: : | |
| : | |
| KEMPES JEAN : | Case No. 20-10883-LSS |
| LORI LEE JEAN : | (Chapter 7) |
| : | |
| Debtors : | |

**MOTION FOR APPREHENSION AND REMOVAL OF DEBTORS
TO COMPEL ATTENDANCE FOR EXAMINATION
PURSUANT TO RULE 2005 OF THE BANKRUPTCY
<u>RULES OF CIVIL PROCEDURE</u>**

Gary A. Rosen, the Chapter 7 Bankruptcy Trustee herein, by undersigned counsel, submits this Motion for Apprehension and Removal of Debtors to Compel Attendance for Examination Pursuant tot Rule 2005 of the Bankruptcy Rules of Civil Procedure, and as reasons therefor states as follows:

1. The Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 *et.seq.*, on January 22, 2020.

2. The Trustee held a meeting under 11 U.S.C. §341 on February 19, 2020.

3. The Debtors filed a Summary of Assets and Liabilities on February 5, 2020 (Docket No. 14).

4. An Amended Summary of Assets and Liabilities was filed on February 13, 2020 (Docket No. 20).

5. On March 18, 2020, an additional Amended Summary of Assets and Liabilities was filed (Docket No. 35).

6. Following the meeting of creditors held on February 19, 2020, and

notwithstanding the Schedules of Assets and Liabilities listing the Debtors' assets, it came to the Trustee's attention that Mrs. Jean was paid to act as a surrogate, which payment and monies were not listed on the Debtors' Schedules, or testified to at the first meeting of creditors.

7. In addition, it came to the Trustee's attention that Mr. Jean owned an interest in a limited liability company established in the District of Columbia known as 4511 Dix Street LLC ("LLC"). It is alleged that the LLC owns improved real property located at 4511 Dix Street, Washington, DC 20019, and that Mr. Jean owned 75% of the LLC.

8. Following the discovery of those facts, on July 30, 2020 the Trustee filed a Motion for Rule 2004 Examination of Kempes Jean (Docket No. 58).

9. On August 18, 2020, an Order Granting Motion for Federal Bankruptcy Rule 2004 Examination of Debtor (Docket No. 63).

10. The Trustee also filed a Motion for Rule 2004 Examination of Lori Lee Jean on July 24, 2020 (Docket No. 57).

11. On August 11, 2020, an Order Granting Motion for Federal Bankruptcy Rule 2004 Examination of Debtor was granted (Docket No. 60).

12. The Trustee attempted to secure mutually agreeable dates and times to conduct the 2004 examinations. The Trustee was stonewalled and was unsuccessful at securing a 2004 examination.

13. Accordingly, the Trustee filed a Motion to compel the Debtors' attendance at Rule 2004 Examination on September 8, 2020 (Docket No. 65).

14. On September 29, 2020, this Court entered an Order Compelling Debtors to Cooperate With Chapter 7 Trustee and Attend Rule 2004 Examinations (Docket No. 66).

15. To date, despite repeated requests, the Trustee has not been given dates and times by counsel for the Debtor that will allow him to take the examinations of the Debtors. The Trustee has attached hereto as Exhibit A the email chain between the Trustee and Debtors' counsel.

16. Rule 2005 provides in pertinent part:

> (A) Order to compel attendance for examination. On motion of any party in interest supported by an affidavit alleging (1) that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave or has left the debtor's residence or principal place of business to avoid examination, or (2) that the debtor has evaded service of a subpoena or of an order to attend for examination, or (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto.

17. The Debtors have willfully disobeyed Orders to attend examinations that were duly served. The Trustee requests that this Court issue to a marshal, or some other officer authorized by law, an order to bring the Debtors before the Court without any unnecessary delay to be examined. The matters sought to be investigated by the Trustee are important matters that require full investigation.

18. Pursuant to Rule 2005, the Trustee has also attached an Affidavit hereto as Exhibit B.

WHEREFORE, it is requested that this Court enter the attached Order and grant such other and further relief as is just and proper.

GARY A. ROSEN, CHARTERED


By /s/   Gary A. Rosen
Gary A. Rosen, Esquire
One Church Street
Suite 800
Rockville, MD 20850
(301) 251-0202
trusteerosen@gmail.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of October, 2020, a copy of the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court per the attached Electronic Mail Notice List, and was mailed, first class mail, postage pre-paid, to the U.S. Trustee, 6305 Ivy Lane, Suite 600, Greenbelt, MD 20770.

/s/   Gary A.  Rosen
Gary A.  Rosen