IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVSION

IN RE:

Kempes Jean and Lori Lee Jean,

                                                                                                                          Case No. 20-10883
                                                                                                                           Chapter 7

        Debtor

_____

### SECOND MOTION TO RECONSIDER ORDER GRANTING AMENDED EMERGENCY MOTION TO COMPEL DEBTORS TO OBEY COURT ORDER COMMANDING PRODUCTION OF DOCUMENTS AND FOR IMPOSITION OF SANCTIONS

**NOW COMES**, Kempes Jean and Lori Lee Jean ("Debtors"), by undersigned counsel, and files this Motion to Reconsider the Order Granting Amended Emergency Motion to Compel Debtors to Obey Court Order Commanding Production of Documents and for Imposition Of Sanctions, and for cause states:

    1.     This case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on January 22, 2020.

    2.     Debtors filed their Bankruptcy in good faith, fully paying any and all filing fees, and seeking formal representation of their Bankruptcy Petition.

    3.     On March 5, 2021 this Court, in consideration of a motion filed the Chapter 7 Trustee, entered an Order Granting Amended Emergency Motion to Compel Debtors to Obey Court Order Commanding Production of Documents and for Imposition of Sanctions.

    4.     This instant motion is based on Fed. R. Civ. P. 60(b) which states that relief of an order may be granted for reasons of mistake, excusable neglect, if the order is void, if the order is no longer equitable, or any other reason justifying the relief from the order.

5. Relief of an order maybe granted on the grounds of excusable neglect.

6. In determining whether an untimely response to a motion that includes a request for sanctions is considered excusable neglect, the Court will consider factors such as: prejudice to the nonmoving party, length of delay, whether the delay caused an impact to the proceedings of the case, the reason of the delay, and lastly whether the party seeking relief from an order acted in good faith. *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996).

7. This deadline to defend and file an objection to such motion was accidently overlooked and unintentionally missed in the mountains of emails received by this office daily.

8. Counsel didn't expect that the Trustee would be filing matters in this case, especially matters involving sanctions, at that time because the case was moving forward.

9. Had Counsel known about the motion, assuredly she would had filed a timely response, and once Counsel learned of this action a response was filed.

10. Counsel is at the mercy of the Court seeking to be heard on a matter that involves sanctions and potentially may cause prejudice to her client.

11. The chapter 7 Trustee will not be prejudiced if Counsel is able to have a word in court regarding the allegations surrounding this matter.

12. The length and reason of the delay was no more than unfortunately missing a deadline and correcting the mistake by filing this instant Motion.

13. In good faith, Counsel is exhausting her best efforts to do what is best for her clients and believes that in doing so she has acted in good faith and fairness.

14. Such reconsideration would not unduly prejudice the Trustee or his attorneys, cause undue delay, would be in the interests of justice and fairness, and is not the product of bad faith on behalf of the Debtors.

15. Under Fed. R. Civ. P. 6(b)(1)(B), a court may extend the time to allow a party to

act if the failure to act was due to excusable neglect.

16.     Debtor requests that the Court reconsider the Order and allow the Debtors' Counsel to respond to Trustee's Emergency Motion to Compel Debtors to Obey Court Order Commanding Production of Documents and for Imposition of Sanctions.

**WHEREFORE**, Debtors respectfully requests that this Honorable Court enter an Order **VACATING** the Order Granting Amended Emergency Motion to Compel Debtors to Obey Court Order Commanding Production of Documents and for Imposition of Sanctions.

Respectfully Submitted,

/s/*Sari K. Kurland*
Sari Karson Kurland, Esq.
The Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
Email: skurland2@comcast.net

**CERTIFICATE OF SERVICE**

*I hereby certify* that on the 16th day of April, 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Motion to Reconsider Order will be served electronically by the Court's CM/ECF system on the following:

Trustee
Gary A. Rosen
One Church Street
Suite 800
Rockville, MD 20850
(301) 251-0202
Email: trusteerosen@gmail.com


U.S. Trustee
United States Trustee
6305 Ivy Lane, #600
Greenbelt, MD 20770


                                                    /s/Sari Karson Kurland
                                            _____
                                            Sari Karson Kurland, Esq.
                                            Maryland Bar No. 09174