IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVSION

IN RE:

KEMPES JEAN and

LORI LEE JEAN,

                                                   Case No. 20-10883
                                                   Chapter 7

       Debtors

---

### OBJECTION TO TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED SALE OF PROPERTY OF ESTATE

**NOW COMES**, Kempes Jean and Lori Lee Jean ("Debtors"), by undersigned counsel, and files this Objection to Motion for Approval of Proposed Sale of Property of Estate, and for cause states:

1. This case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on January 22, 2020.

2. Debtors filed their Bankruptcy in good faith, fully paying any and all filing fees, and seeking formal representation of their Bankruptcy Petition.

3. On or around February 17, 2021, during the hearing on the motion to remove trustee and opposition to application to employ realtor, the parties agreed that the Chapter 7 trustee would allow the Debtors an opportunity to resolve this case and to negotiate a settlement.

4. This was after Trustee's zealous pursuit in attempt to sell Debtors' home without any dialogue whatsoever to resolve this case by settlement.

5. So, this Court Ordered on February 25, 2021 that the Trustee could not market the Debtors' home until April 15, 2021, which allowed time to resolve the outstanding matters and in good faith, entertain a possible settlement.

6. Attorneys and judicial courts encourage parties to resolve matters and settle cases, using court intervention as a last resort. This is especially true when a settlement provides the best favorable result and is in the best interests of all parties involved.

7. Here, until or around May 10,2021, the Trustee's had refused to cooperate with any settlement negotiations, and instead took action to sell Debtors' home immediately on April 15, 2021.

8. Debtors' Counsel has requested negotiation settlements on several separate occasions and the Trustee has denied each request stating the Trustee has not completed its inquiry into the Debtors assets and liabilities due to Debtors' uncooperativeness.

9. This allegation was simply untrue and appeared to be a tactic to stall the Debtors' ability to settle their case and keep their home.

10. Finally, on May 10, 2021, the Trustee and his attorneys agreed to a Zoom conference with Debtors' counsel. During that meeting, the Trustee and his attorneys finally provided potential parameters for a settlement of the Trustee's claims.

11. Since that time, Debtors have presented the Trustee with support for their objection to some of the components of a potential settlement agreement.

12. Tomorrow, Debtors intend to submit a significant and substantive formal settlement agreement to the Trustee.

13. Moving forward to sell the Debtors' home is in direct conflict with the Trustee's duty to fully administer this case and is premature given that the inquiry into the Debtors assets and liabilities has not concluded and Debtors have just recently obtained settlement parameters.

14. Debtors have participated in three 2004 examinations, totaling over eight hours.

15. Trustee has requested over 100 documents and information, and to date Debtors have exhausted all their efforts to provided such and have complied with all requests.

16. Currently, the Trustee has not concluded the 2004 examination process and has yet to schedule a date and time for a final 2004 examination or indicate if one more will be required, despite repeated requests.

17. The Trustee has submitted a contract for sale of the property, the sales price is $900,000. The contract sale price was agreed to without the ability of the potential buyers to inspect the interior of the home.

18. On or around May 16, 2021, the potential buyers performed a walk-thru of the home. The Trustee has not provided any information as to whether this inspection raised any buyer concerns or jeopardized the contract.

19. Upon information and belief, the appraised value for this home is no more than $716,500. See attached appraisal performed on or around April 28, 2021.

20. Debtors and Counsel believe that the contract price is drastically overstated and may not be a viable contract as the Buyers may not be approved for a loan which will not appraise for this amount.

21. Moreover, on or around May 13, 2021 a property located in the Debtor's neighborhood went on the market for only $825,000. The property's address is 19201 Autumn Maple Lane, Gaithersburg MD, 20879. See attached Zillow report.

22. This property is almost a half-acre larger in land mass, 1400 square feet, has two more bedrooms and one more bathroom in contrast to the Debtors' home. In addition, this property has a full-size basketball court in the backyard.

23. It is troubling that a Buyer would pay $75,000 more for a property that has less

than a neighboring property with more acres, square footage, and more bedrooms and bathrooms.

24. Here, if the home was sold for the contract value, there would be significant funds remaining after all fees and joint creditors are paid. This excess from the sale of tenants by the entirety property will not be available to pay the separate and individual debts of the Debtors and therefore does not make judicial and administrative sense to sell the Debtors' home instead of agreeing to settlement terms

25. The trustee has not provided any reasonable basis or evidence showing that the sale of Debtors' home, uprooting their children, and essentially forcing them out of their home is the best possible solution to resolve this matter.

26. Currently, Debtors are submitting a settlement offer to the Chapter 7 Trustee to "buy out" the non-exempt portion of the equity in their home and assets and pay administrative expenses as well as any non-disclosed assets recovered by the Trustee. The Debtors are committed to this mammoth undertaking to ensure the stability, emotional well-being, and livelihood of their family.

27. At this point in the proceedings as a gesture of goodwill, Debtors have agreed to pay the Trustee's legal fees ordered by this Court and that payment was hand delivered to Mr. Rosen's office more than a week ago yet the Trustee has not yet withdrawn his motion to compel.

28. Debtors' Counsel believes that a settlement of this kind is in the best interest of all parties involved, eliminates unnecessary costs charged against the estate, and allows Debtors to keep their home.

29. A denial of Trustee's motion would not unduly prejudice the Trustee and his attorneys or cause undue delay, would be in the interest of justice and fairness and is not the product of bad faith on behalf of the Debtors.

**WHEREFORE**, Debtors respectfully requests that this Honorable Court enter an Order

**DENYING** Trustee's Motion for Approval of Proposed Sale of Property of Estate.

Respectfully Submitted,

/s/*Sari K. Kurland*
Sari Karson Kurland, Esq.
The Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
Email: skurland2@comcast.net

## CERTIFICATE OF SERVICE

*I hereby certify* that on the 17th day of May 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Opposition to the Motion to Sell Real Property will be served electronically by the Court's CM/ECF system on the following:

**Frank J. Mastro**
Schlossberg Mastro & Scanlan
P.O. Box 2067
Hagerstown, MD 21742-2067
301-739-8610
Fax : 301-791-6302
Email: fmastro@schlosslaw.com

**Gary A. Rosen**
One Church Street
Suite 800
Rockville, MD 20850
(301) 251-0202
Fax : 301-560-5016
Email: trusteerosen@gmail.com

**Roger Schlossberg**
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
Fax : (301) 791-6302
Email: trustee@schlosslaw.com

**Lisa Yonka Stevens**
Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
301-344-6219
Fax : 301-344-8431
Email: lisa.y.stevens@usdoj.gov

/s/Sari Karson Kurland
_____
Sari Karson Kurland, Esq.
Maryland Bar No. 09174