IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In Re:** | * | |
| **KEMPES JEAN** | * | Case No. **20-10883-LSS** |
| **LORI LEE JEAN** | | |
| **Debtor** | * | **Chapter 7** |

**RESPONSE TO "LINE" ADVISING ON TRUSTEE'S INTENT TO CONTEST DEBTOR'S MOTION TO RESOLVE WHY DEBTOR'S RETENTION OF SUCCESSOR COUNSEL SHOULD BE BARRED BY 11 U.S.C. § 549(a) OR OTHERWISE AND REQUEST FOR ORDER**

KEMPES JEAN and LORI LEE JEAN (the "Debtors"), by and through John D. Burns, Esquire (the "Firm"), hereby file this Response to "Line" Advising On Trustee's Intent To Contest Debtor's Motion To Resolve Why Debtor's Retention Of Successor Counsel Should Be Barred By 11 U.S.C. § 549(a) Or Otherwise And Request For Order, and states as follows:

**REQUEST:**

On or about January 22, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code of 2005 as amended (the "Code"). Until early this month, this Chapter 7 case had a very colorful and animated litigation history before the Bankruptcy Court for many months.

That "three ring circus" of sorts in this Chapter 7 case stopped upon the retention of the undersigned[1]. There is still significant litigation facing these Debtors, and there will be for some

---

[1] The Court will note that in the brief nigh month that the Firm has served as counsel the litigation over the house sale ceased, and the residence was sold all due in significant part to the Firm's assistance to move along from prior litigation and advance the conclusion of this estate. Although the Trustee has *not* yet released the HUD-1 and exempt monies to the Debtors which they are due (following request by the Firm), nor filed the necessary Report of Sale despite the passage of now on approaching days, the mortgage payoff estimated at less than $700,000.00 and the sale price of $900,000.00 should be enough to pay off the Debtors' claims in this case *several fold* even in the absence of $47,000.00 in allowed exemptions to the Debtors.

time to come. The Firm intends to zealously defend and represent the Debtors herein with an eye towards pip and professionalism, if his retention is approved.

After having at least three (3) lawyers decline representation of the Debtors after R. Schlossberg graciously explained[2] to these counsel the perils of representing these particular debtors given the intent of the Trustee to vigorously pursue and enforce any disgorgements, all that was created was the significant risk that *pro se* representation in this overburdened Court would increase by yet another set of Debtors.

On or about June 10, 2021, the Firm entered its appearance. As is explained in great detail in the Debtors' Motion To Resolve Why Debtor's Retention Of Successor Counsel Should Be Barred By 11 U.S.C. § 549(a) or Otherwise (The "Motion to Retain"), the Firm requires an expedient and final determination in this fast moving Chapter 7 Case and pending adversary proceeding as to whether he may be retained herein. The Firm has submitted evidence (affidavits by Debtors and third party Payors of his retainers) to support the Motion to Retain. The Firm has performed and is performing much work here daily.

All of this has been done by the Motion to Retain to avert the delay and uncertainty over retention in such a challenging case that would have otherwise imposed upon counsel. The Firm cannot simply "hang out" awaiting some unknown fate on his retention akin to lying under the

---

[2] To be clear, Mr. Schlossberg, as counsel to the Trustee, meant no intimidation of prospective counsel to the Debtors to the knowledge of the undersigned. R. Schlossberg's nature is gracious and his manner helpful to all lawyers he encounters as an elder statesman of the bar. The undersigned appreciates the repeated and restated warnings and admonitions R. Schlossberg has given to this Firm in the retention matter herein to dissuade the undersigned from accepting retention. However, the undersigned must make his own decisions to protect the Debtors herein who are vulnerable to the Trustee's pursuit of the rights of the estate, which are by necessity adverse to the interests of the Debtors herein. Sometimes, the undersigned must do what he must do.

"*Sword of Damocles*" whose peril is not that it falls, but that it hangs ever pendant[3]. No counselor or advocate, talented even as the once imperatorial R. Schlossberg might yet still be could represent clients under such uncertain circumstances. No different is the limitation on the skills of the undersigned when called to the task of undivided loyalty to the Debtors, his clients. Retention should never be a matter which impedes confident representation of a client. This is particularly so when such constraints on representation are introduced by the beneficent hand of an adversary counsel. The Trustee has his fiduciary duties to ensure property of the estate is not transferred under 11 U.S.C. § 549(a), but this does not include parading delay and unrevealed supposition as evidence as he does in his "Line" on the last day for objections, while stating he is not objecting presently.

      All of this Motion to Retain effort was done by the Firm to motivate the Trustee *to act with vim and vigor two weeks ago* to expediently review his files to see if there be any evidentiary cause to oppose the Motion to Retain. On information and belief, the Trustee has had long and significant depositions of both Debtors under the Rule 2004(b) context[4] and thus should have germane records to share herein if there was some concern the testimony in the affidavits was inauthentic. Or, if the Trustee had some concern over the third party testimony annexed to the Motion on the nature of the funds, the Trustee could have interrogated Mssrs. Padilla and Pazzanese promptly.

---

3 *See*, "*Tusculan Disputations*" Cicero, 45 B.C. – N.B. Cicero himself states "Doesn't Dionysius seem to have made it plenty clear that nothing is happy for him over whom terror always looms?" *See also*, Chaucer, *Canterbury Tales* (circa. 1400) lns. 2026-2030 "Above, where seated in his tower, I saw Conquest depicted in his power. There was a sharpened sword above his head; That hung there by the thinnest simple thread." No counsel so desires to subject himself to the risks of lacerate himself open by a hanging threat that divides lawyer from counselor when zealous advocacy is so demanded. Thus, so it is here requiring prompt action by the tribunal to approve retention or not.

4 The Trustee has kindly answered the call of the undersigned to share the transcripts of the Rule 2004(b) Examinations as the Firm has much work ahead in this Chapter 7 case to perform. Eternal gratitude of the undersigned is dedicated to Mssrs. Rosen and Schlossberg in this case for such gracious accommodations.

Instead, the Trustee files a "Line" which really takes no position other than the Trustee has some vague intent to contest the Motion to Retain, and generally wants to sit around and have some further scheduling of unknown events by the Court in due course at some unknown hearing date not even scheduled.

Meanwhile the Firm hangs in limbo in its retention efforts while required to perform substantial representation each day since June 10, 2021. Denoting that Fed. R. Bankr. P. 9014(a) that "no response is required" (as does the Trustee in his "Line") does not serve the cause of dispatch and justice in these matters[5]. Local Rule 9014-1(3) requires that "any responsive pleading and memorandum in opposition to a motion must be filed within fourteen (14) days from the date of service of said motion." Moreover, Local Rule 9014(4), permits that "[e]xcept as otherwise provided in the Bankruptcy Code, the Federal Bankruptcy Rules, these Rules or by the court, a motion can be decided on the pleadings and memoranda filed."

Accordingly, if the Trustee has some evidence that would constitute a good faith basis for opposition to the Motion to Retain pursuant to Fed. R. Civ. P. 11(b), the Trustee *should today as required* make his filing of an Opposition. If the Trustee has no such good faith basis in fact and evidence after 14 days, the Firm should not be put in the position of awaiting the Trustee's decision to simply hang around and see what happens dependent on the direction of the wind. If the Bankruptcy Court wants to schedule an evidentiary hearing, it has the authority to do so without the Trustee's suggestive missives on some other hearing on some unknown matters as proposed by the "Line." However, the Bankruptcy Court with all due respect to the Trustee has

---

[5] The most basic tenet to the Court: Fed. R. Civ. P. 8(e) "CONSTRUING PLEADINGS. Pleadings must be construed so as to do justice."

the ability to enter an Order granting the Motion to Retain following today and with all due respect should do so. In the absence of present evidence by the Trustee to controvert the evidence put forward by the Debtors, the Motion to Retain should be GRANTED. No other party in interest has objected.

As requested in the Motion to Retain, the relief should be GRANTED and an Order entered in accordance with its prayer for relief.

> Respectfully Submitted,
> /s/ John D. Burns
> John D. Burns, Esquire (#22777)
> The Burns LawFirm, LLC
> 6303 Ivy Lane; Suite 102
> Greenbelt, Maryland 20770
> (301) 441-8780
> *info@burnsbankruptcyfirm.co*m
> Counsel for the Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24rd day of June, 2021, a copy of the foregoing Response was served, via e-filing or by mail upon registered recipients upon:

**ECF:**
Office of the United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

Any ECF Registered Recipients

Roger Schlossberg, Esquire
Counsel for the Chapter 7 Trustee
18421 Henson Boulevard
Suite 201
Hagerstown, MD 21742

-----------/s/ John D. Burns-----
_____

John D. Burns