IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVSION

IN RE:

Kempes Jean and Lori Lee Jean,

                                                                                                                                    Case No. 20-10883
                                                                                                                                    Chapter 7

        Debtor

---

**RESPONSE TO MOTION TO RESOLVE RETAINER AGREEMENT MATTERS
AND ACCOUNTING RELATIVE TO PRIOR COUNSEL**

      **NOW COMES**, Sari Kurland and the Kurland Law Group ("Debtors' prior counsel"), and files this Response to the Motion to Resolve Retainer Agreement Matters and Accounting Relative to Prior Counsel, and for cause states:

      1.      Sari Kurland and The Kurland Law Group were retained by Debtors on or around December 2019 to prepare and file a joint bankruptcy case.

      2.      This case was commenced by the filing of a voluntary joint petition under Chapter 7 of the Bankruptcy Code on January 22, 2020.

      3.      Because of adverse actions threatened against Debtors it was necessary to file this case on an emergency basis.

      4.      Moreover, due to the time pressure to file the emergency case and given the extensive past relationship with Mr. Jean in connection with other legal matters where services were successfully rendered, a Chapter 7 retainer for legal services was inadvertently not signed by Debtors.

      5.      Debtors are not assisted persons so that The Kurland Law Group is not a debit

relief agency for purposes of this case. Thus, the requirements of 11 USC §528 do not apply with respect to a written contract.

6. Though a retainer was not signed, Ms. Kurland believed that there was a common understanding as to the legal fees associated with a Chapter 7 case.

7. Attached is the 2016(b) filed in this case which clearly sets forth the flat fee and language excluding services rendered in connection with a contested matter. Debtors reviewed and approved this document before it was filed in their case and they were entirely aware at the time that the case was filed of the potential complexities they faced given the vitriol of Mrs. Jean's father and creditor Jack Fisher.

8. Furthermore, Debtors were fully aware of how Kurland Law Group billed for legal work because they had retained the law firm and paid the law firm for hourly legal work since April of 2016.

9. Kurland's attorney fees are entirely reasonable, during the same period of time, Mr. Schlossberg and Mr. Mastro generated invoices exceeding $150,000.00 while Mr. Rosen, the Chapter 7 Trustee claimed that his invoices exceeded $50,000.00.

10. When 727 complaint was filed and debtors sought out new counsel, per Ms. Kurland's advice, her office organized and hand delivered to Mr. Burns, Debtors' entire paper and electronic file within 7 days from the initial close of business Friday request. This production included a **separate bright yellow file folder** solely containing the invoices and retainer agreement which was on the very top of the file hand delivered by Ms. Blocton to Mr. Burns.

11. Mr. Burns in his motion made many unfounded and false claims:

    a. Any and all cash payments were properly and fully accounted for and credited to debtors.

    b. No credit cards were used by Debtors in paying their fees. A careful review of

credit card transactions accepted by this law firm does not reveal a Visa credit card ending in 7926 as claimed by counsel throughout his pleading.

    c.      The language in Kurland's retainer agreement is legal, ethical and appropriate.

    d.      Debtors were fully aware of the balance due this law firm and their affidavits denying same are unfounded.

12. The Court is fully aware of the tremendous effort made by the attorneys at The KurlandLaw Group and their efforts to assist the Debtors in this case.

13. Had the attorneys at The Kurland Law Group been made fully aware, after repeated requests, of the entirety of Debtors' financial affairs and past dealings, the outcome could have been very different. Unfortunately, that is not this case and the result was painful. Attempting now to cast blame at Kurland is unfortunate.

14. The attorneys at The Kurland Law Group provide additional and extensive legal work for matters unforeseen, Debtors were billed on an hourly basis for work up and beyond the basic legal services for a chapter 7 case.

15. As the docket clearly shows that The Kurland Law Group worked relentlessly on this case for hundreds of hours during the last 1 ½ years.

16. There is no doubt that that Ms. Kurland zealously advocated for her clients to the best of her professional ability.

17. Ms. Kurland is entitled to attorney fees where services were unambiguously performed but understands the need to resolve the retainer matter.

18. In agreement with Debtors' counsel that this case does not need any more litigation, Ms. Kurland would like to amicably work with Debtors' counsel to resolve this matter with as little court involvement as possible.

    **WHEREFORE**, Sari Kurland respectfully requests that this Honorable Court enter an

Order (i) **DENYING** the Motion to Resolve Retainer Agreement Matters and Accounting Relative to Prior Counselor to allow parties to resolve the matter or (ii) Grant such other and further relief as equity and justice may require.

Respectfully Submitted,

/s/*Sari K. Kurland*
Sari Karson Kurland, Esq.
The Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
Email: skurland2@comcast.net

**CERTIFICATE OF SERVICE**

*I hereby certify* that on the 7th day of July 2021, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing Response will be served electronically by the Court's CM/ECF system on the following:

John D. Burns, Esquire -Counsel for Debtors
The Burns LawFirm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland 20770

Office of the United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

Roger Schlossberg, Esquire
Counsel for the Chapter 7 Trustee
18421 Henson Boulevard Suite 201
Hagerstown, MD 21742

/s/Sari Karson Kurland
_____
Sari Karson Kurland, Esq.
Maryland Bar No. 09174