IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In Re:** | * | |
| **KEMPES JEAN** | * | Case No. **20-10883-LSS** |
| **LORI LEE JEAN** | | |
| Debtor | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**TWENTY-ONE (21) DAY NOTICE AND OPPORTUNITY TO OBJECT TO APPROVAL OF INFORMED CONSENT WAIVER OF CONFLICT OF INTEREST OF COUNSEL FOR DEBTORS AND COPY OF PROPOSED ORDER**

PLEASE TAKE NOTICE THAT: KEMPES JEAN and LORI LEE JEAN (the "Debtor(s)") by and through John D. Burns, Esquire and The Burns Law Firm, LLC (the "Firm") hereby serves this Twenty-One (21) Day Notice And Opportunity To Object To Approval Of Informed Consent Waiver of Conflict of Interest of Counsel For Debtors And Copy of Proposed Order (the "Notice"), and states as follows:

**FACTUAL STATEMENT:**

On or about January 22, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code of 2005 as amended (the "Code").

The undersigned counsel and the Firm were retained and filed a Notice of Appearance on June 10, 2021 in this Chapter 7 Case and in a related Adversary Proceeding to revoke discharge (Adv. No. 21-00106 UST v. Jean). The Firm took a retainer in this Chapter 7 case, and will continue to take retainers for legal services.

The Chapter 7 Trustee (the "Trustee") has made allegations in this Chapter 7 Case or has made admonitions to this counsel and others that there may have been fraudulent transfers of

property of the estate by or through the Debtors which produced the retainer or retainers that the Firm has taken. The Debtors have denied such allegations. The Firm has no knowledge of any facts that would support such allegations.

On June 15, 2021 the Firm filed a Motion to Resolve Why Debtors' Retention of Successor Counsel Should Be Barred By 11 U.S.C. § 549(a) Or Otherwise (the "Motion to Resolve"), to which there was a "Line" response by the Trustee, a Reply by Debtors, and then an Opposition by the Trustee. These filings are incorporated hereto by reference as docketed activity in the Chapter 7 case.

On August 12, 2021, the Bankruptcy Court heard the Motion to Resolve and denied it on the basis the relief required an adversary proceeding for declaratory judgment, or an adversary proceeding by the Trustee for fraudulent conveyance. This was memorialized in an Order dated August 16, 2021, terminating that contested matter.

Unfortunately this ruling did not advance the cause of resolving how the Firm could represent the Debtors when there is a potential conflict of interest arising out of implied transfers by the Debtors of property of the estate to the Firm, without any evidence of same in the record. The Firm has sought the guidance of the MSBA Ethics Committee with whom it consults whenever there is an ethical matter in this case. Given the Bankruptcy Court's determination on August 12, 2021, and the existence of a potential conflict of interest, the Firm has prepared at the guidance of the Ethics Committee an informed consent letter which has been presented to the Debtors and executed by them on August 25, 2021 (the "Waiver"). It is attached hereto as **Exhibit 1** and its content is incorporated hereto without recitation anew.

The Local Rules of the Bankruptcy Court incorporate a portion of the Local Rules of the United States District Court for this District of Maryland. The District Court's Local Rules in turn incorporate the Maryland Rules of Professional Conduct. *See*, Local Rule 704. This Bankruptcy Court is a referee and Article I division of the District Court, and is subject to the Local Rules of the District Court, and thus the Maryland Rules of Professional Conduct. The Debtors, by and through the Firm, pursuant to 11 U.S.C. § 105(a), request that the Bankruptcy Court after notice and an opportunity to object, approve the informed consent Waiver and enter an Order as to its adequacy under Md. Rule Prof. Cond. 1.7(b). The decree sought simply rules that the Waiver is narrowly tailored and appropriate in scope following actual informed consent of the Debtors.

Although more often addressed in the context of sanctions for willful transgressions, the federal courts have inherent general powers to regulate the practice of law and the conduct of litigants who come before it. *See generally, Chambers v. NASCO, Inc*., 501 U.S. 32 (1991). Thus, there is an inherent power for this Bankruptcy Court to approve a narrowly tailored informed consent waiver agreement.

This will enable the Firm to continue to serve the Debtors both in this Chapter 7 case and the adjoining adversary proceeding without the hindrance of an unresolved potential conflict of interest, or prevent a later claim that the Bankruptcy Court never reviewed and approved the retention on terms and facts as present themselves herein. Further, this ensures that all parties in interest, including the United States Trustee program and the Chapter 7 Trustee have notice and opportunity to object to the Waiver and ensuing continued retention there from.

**NOTICE:**

ANY OBJECTION TO THIS NOTICE MUST BE FILED WITH THE OFFICE OF THE

CLERK, UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND, 6500 Cherrywood Lane; Clerk's Office, Greenbelt, MD 20770 NO LATER THAN TWENTY-ONE (21) DAYS FROM THE SERVICE OF THIS NOTICE AND A COPY MUST BE SERVED UPON AND RECEIVED BY UNDERSIGNED COUNSEL.

     WHETHER OR NOT ANY OBJECTIONS ARE FILED, THE BANKRUPTCY COURT MAY SET A HEARING OR RULE UPON THE MATTERS WITHIN THE NOTICE WITHOUT A HEARING IN ITS SOUND DISCRETION FOLLOWING TWENTY-ONE (21) DAYS FROM THE SERVICE OF THIS NOTICE. A PROPOSED ORDER HAS BEEN ANNEXED TO THIS NOTICE AND CIRCULATED. THE PRIOR ADVERSARY ORDER HAS BEEN ANNEXED TO THIS NOTICE AND CIRCULATED. YOU SHOULD READ THEM. AN OBJECTION MUST STATE THE FACTS AND LEGAL GROUNDS ON WHICH THE OBJECTION IS BASED AND THE BELOW REFERENCED COUNSEL IS TO BE CONTACTED IF PARTIES IN INTEREST HAVE QUESTIONS.

DATE OF NOTICE: 08/26/21

                            Respectfully Submitted,
                            -------/S/ John D. Burns---------
                            _____

                            John D. Burns, Esquire (#22777)
                            The Burns LawFirm, LLC
                            6303 Ivy Lane; Suite 102
                            Greenbelt, Maryland 20770
                            (301) 441-8780
                            Counsel for the Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2021, a copy of the foregoing Debtor's Notice, Exhibit and proposed Order was served via first-class mail, postage prepaid, and by ECF where noted upon:

**ECF:**
Office of the United States Trustee
6305 Ivy Lane; STE 600
Greenbelt, MD 20770

Roger Schlossberg, Esquire
Counsel for the Chapter 7 Trustee
18421 Henson Boulevard
Suite 201
Hagerstown, MD 21742

Any ECF Registered Recipients

**FIRST CLASS MAIL:**
(Non-Duplicative Matrix)

-----------/s/  John D. Burns-----
_____
John D. Burns


-----/S/ John D. Burns--------
_____
John D. Burns