# The Burns Law Firm, LLC

## John Douglas Burns, Esquire

Managing Member
6303 Ivy Lane, Suite 102
Greenbelt, Maryland 20770
Phone: (301) 441-8780
Facsimile: (301) 441-9472
Email: info@burnsbankruptcyfirm.com
We Are A Debt Relief Agency!

August 25, 2021

**SENT VIA EMAIL ONLY**
Kempes Jean
Lori Lee Jean
22 Tygart Ct
Gaithersburg, MD 20879

   **Re: In re Jean, Kempes et ux; (Case No. 20-10883 / ADV #21-00106) (Chapter 7) (Informed Consent Agreement)**

Mr. and Mrs. Jean:

  I wish it were not the case but in this representation, having counsel comes with the complications of claims against you by the Chapter 7 Trustee, which relate to allegations that property of the estate may have been transferred by one or both of you post-petition (or pre-petition) to cover legal fees. You deny such allegations and have provided testimony by affidavit. Your payors of the retainers likewise have provided testimony by affidavit supporting your denial. I am aware of no factual matters which contradict your testimony.

  Despite my *Herculean* efforts to nip this in the bud by an early filed Motion to Resolve on June 15, 2021 (with a "Line" of response and a Reply and exhibits, hearing set in for merits, etc.) why my firm should not be employed and proceed with a retainer that the Trustee should have to show cause was property of the estate, on August 12, 2021 at a hearing on same the Bankruptcy Court declined to grant the Motion to Resolve because the Court found it required a much more elaborate lawsuit for a declaratory judgment given the nature of the nascent but still unformed dispute. I do not see the yet further cost and involvement of a lawsuit for a declaratory judgment to be worth your further monetary investment simply so that the Bankruptcy Court can authorize my retention and declare funds provided not property of the estate.

  There is a potential conflict of interest here which involves the duty of care of an attorney to the client when the attorney faces a compromised retainer given the allegations of the Chapter 7 Trustee that the retainers received by the attorney may be property of the estate. The conflict is obvious, but as the ethics committee observes there is a need to have an undivided duty of care to the client by the attorney unhampered by challenges to the source of retainer by an intervening third party; namely, here the Chapter 7 Trustee. Whose interest does the attorney

protect when or if a challenge arises to such retainer? Rule 1.7(a)(2) recites that a conflict of interest may exist where there is a "significant risk" that my representation of you would be "materially limited" by a "personal interest of the attorney." Here, that personal interest of the attorney is obvious and of record; namely, not being pulled into litigation with the Chapter 7 Trustee over whether or not your retainers are property of the estate. The Motion to Resolve would have solved this problem in my judgment by finding and concluding the funds were not property of the estate. However, that simple result was not to be as we learned on August 12, 2021.

As there is an unformed but potential conflict of interest, and following the events of the hearing on August 12, 2021, the ethics committee has advised my firm that I may seek and obtain a waiver of the conflict of interest by and through informed consent from you both. Rule 1.7(b) requires that I believe I can provide "competent and diligent" representation of you notwithstanding the potential conflict of interest. I believe that I can, and the representation is not prohibited by law. It then requires that I have each of you give informed consent to the representation by signing a written waiver. This is that written waiver. The ethics committee further notes that it would be helpful to have the Bankruptcy Court approve this informed consent waiver, and consequently this written waiver will be submitted on twenty-one (21) days written notice to your estate and the Chapter 7 Trustee and the United States Trustee. There is no communication herein that is intended to be confidential to you, and all of this letter is intended for public dissemination through a filed notice and opportunity to object.

The informed consent that you are agreeing to by signing below is that (i) you want to retain and continue my services despite the potential for a conflict of interest if the funds you provided to my firm are property of the estate (which again you have testified they are not); and (ii) you understand that my firm would have a divergent "personal interest of the attorney" in defending against any actual claims made by the Chapter 7 Trustee or any party in interest with standing that my retainers constitute property of the estate. In that event, my firm would need to withdraw its appearance and we might have adverse interests to one another.

If you wish to continue with my engagement as counsel, and wish to agree to this waiver of any conflict of interest, please sign below where indicated. We have also discussed these matters and I informed you this letter would be forthcoming (although delayed by a week or so given other commitments I have had to address in this Chapter 7 case).

Thank you.

Very Truly Yours,

‑‑‑/S/ JDB‑‑‑‑‑‑‑‑‑‑‑‑‑

John D. Burns, Esq.

SEEN AND AGREED TO:

Kempes Jean

Lori Lee Jean
JDB; no