IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: )<br>KEMPES JEAN )<br>LORI LEE JEAN, )<br>)<br>Debtors. ) | Case No. 20-10883-LSS<br><br>(Chapter 7) |

## MOTION FOR ISSUANCE OF SHOW CAUSE ORDER

Gary A. Rosen, the Chapter 7 Trustee for the bankruptcy estate of Kempes Jean and Lori Lee Jean ("the Trustee"), by his undersigned counsel, hereby moves this Court to issue an *Order* directing non-party witness American Financial Network, Inc. to show cause why it should not be held in contempt for failing to respond to a lawful subpoena to produce documents duly served upon it by the Trustee. In support of this motion, the Trustee respectfully states:

1. Respondent, American Financial Network, Inc. ("AFN"), is a California corporation with a principal place of business in Southern California. *See* SDAT Foreign Corporation Qualification, attached hereto as **Exhibit 1**. AFN is qualified to do business in the State of Maryland, *see id.*, and maintains several offices in Maryland, including one located 9200 Corporate Blvd., Suite 320, Rockville, MD 20850.

2. AFN is the employer of Debtor Kempes Jean. *See* Debtors' Am. Sch. I, [Dkt. #116]. AFN also is a lessee of Mr. Jean, having entered into a pre-petition executory contract with Mr. Jean for the sublease of the premises at 9200 Corporate Blvd., Suite 320, Rockville, MD 20850. *See* Debtors' Am. Sch. G, [Dkt. #242].

3. Debtor Kempes Jean regularly uses his AFN email address (kjean@afncorp.com) to conduct his personal business including, but not limited to, his business involving 4112 Landgreen St, LLC, a single-member limited liability company owned and controlled by Mr. Jean,

*see* Disbursement Authorization and Closing Agreement, attached hereto as ***Exhibit 2***, which was not disclosed as an asset on either the Debtors' original schedules or first amended schedules. *see* Debtors' Sch. A/B [Dkt. #14]; Debtors' Am. Sch. A/B [Dkt. #116]; *but see* Debtors' 2d Am. Sch. A/B [Dkt. #242] (disclosing for first time Mr. Jean's ownership of 4112 Landgreen St, LLC).

4. On September 2, 2021, the Trustee issued a *Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* (hereafter "the *Subpoena*") to AFN. *See Subpoena*, attached hereto as ***Exhibit 3***. The *Subpoena* requested the production of all records of incoming and outgoing email messages (including content of messages) between Mr. Jean and certain specified recipients. *Id*. The *Subpoena* further required AFN to produce documents at the offices of the Trustee's counsel on October 4, 2021 at 10:00 a.m. *Id*.

5. The Trustee served the *Subpoena* upon Paracorp Incorporated, AFN's resident agent for service in Maryland according to SDAT records. *See* SDAT Foreign Corporation Qualification, ***Ex. 1***; *see also* SDAT General Information for American Financial Network, Inc., attached hereto as ***Exhibit 4***.

6. Paracorp Incorporated accepted service of the *Subpoena* on behalf of AFN on September 8, 2021. *See* Affidavit of Service of Subpoena, attached hereto as ***Exhibit 5***.

7. AFN, however, failed to respond to the *Subpoena* by the October 4, 2021 date for compliance set forth in the *Subpoena*. Moreover, as of the filing of this motion – more than one month after the date for compliance – AFN still has not responded to the *Subpoena*.

8. Rule 45(g) of the Federal Rules of Civil Procedure, which is incorporated herein by Federal Rule of Bankruptcy Procedure 9016, provides that a court "may hold in contempt a person

who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." See Fed. R. Civ. P. 45(g).

9. The Trustee's *Subpoena* to AFN satisfied all of the technical requirements of Rules 45(a) and (c). See Fed. R. Civ. P. 45. The Trustee properly served the *Subpoena* in accordance with Rule 45(b). See Fed. R. Civ. P. 45(b).

10. AFN has not filed any motion to modify or quash the *Subpoena* pursuant to Rule 45(d), see Fed. R. Civ. P. 45(d), or made any claim of privilege pursuant to Rule 45(e). See Fed. R. Civ. P. 45(e).

11. "Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct [the person served with the subpoena] to appear before the Court to provide adequate excuse for his failure to comply with the subpoena." See *Anderson v. Prince George's County*, 2014 WL 2926537, *2 (D. Md. June 26, 2014) (citing *Dunkin' Donuts, Inc. v. Three Rivers Entm't & Travel*, 42 F. App'x 573, 575, 2002 WL 1733832, *1 (4th Cir. July 29, 2002) ("[A]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner'") (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975))

12. Accordingly, the Trustee respectfully requests that a representative of AFN be ordered to appear before the Court to explain why AFN should not be held in contempt for its failure to obey the Trustee's *Subpoena*. See *Anderson*, 2014 WL 2926537 at *2.

13. Pursuant to Local Rule 9013-2, the Trustee states that no memorandum of fact and law will be filed and that he will rely solely upon this motion.

WHEREFORE, the Trustee respectfully requests that the Court issue an *Order to Show Cause* commanding a representative of AFN to appear before the Court to show cause why it should not be held in contempt for failing to respond to the Trustee's *Subpoena*.

Respectfully submitted,

SCHLOSSBERG | MASTRO

  */s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Gary A. Rosen, Trustee*

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *15th* day of *November 2021*, I served a copy of the foregoing *Motion for Issuance of Show Cause Order* and proposed Order as follows:

(a) upon the Respondent via first-class mail, postage prepaid, at the addresses set forth below:

American Financial Network, Inc.
c/o Paracorp Incorporated, Resident Agent
245 West Chase Street
Baltimore, MD 21201

American Financial Network, Inc.
10 Point Drive
Brea, CA 92821

and (b) upon all parties on the attached CMECF Mail List as follows: via electronic mail to those parties listed on the Electronic Mail Notice List; and via first-class mail, postage prepaid, to the following parties listed on the Manual Notice List:

James Cochran
J.G. Cochran Auctioneers and Assocs.
7704 Mapleville Rd.
Boonsboro, MD 21713

Nurit Coombe
Re/Max Elite Services
6101 Executive Blvd., Suite 230
North Bethesda, MD 20852

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

          */s/ Frank J. Mastro*
          Frank J. Mastro