IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| KEMPES JEAN | | Bankruptcy No. 20-10883-LSS |
| LORI LEE JEAN | * | (Chapter 7) |
|     Debtors | | |
| | *    *    * | |

**TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL**

TO THE HONORABLE, LORI S. SIMPSON, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Gary A. Rosen, Trustee, by and through his undersigned counsel, and in support of his *Application for Authority to Employ Special Counsel*, hereby respectfully represents as follows:

**Background of Proceedings**

1. On or about January 22, 2020, the Debtors, Kempes Jean and Lori Lee Jean (collectively, the "Debtors") filed herein their *Voluntary Petition* under Chapter 7 of the Bankruptcy Code in the above-captioned bankruptcy case. In due course, Gary A. Rosen (the "Trustee") duly was appointed Chapter 7 Interim Trustee of the bankruptcy estate created herein (the "Estate") and, following the conduct of that first meeting of creditors required by 11 U.S.C. § 341(a) without the election of a trustee as permitted by 11 U.S.C. §§ 702(b-c), continued in office as permanent trustee pursuant to the provisions of 11 U.S.C. § 702(d).

**Summary of Relief Requested**

2. By the instant *Application*, your Trustee seeks authority to employ Thomas O'Toole, Esquire, and the law firm of Baroody & O'Toole (collectively, "O'Toole"), as Special Counsel to the Trustee herein under the terms of a contingent fee arrangement pursuant to the provisions of 11 U.S.C. §327(e) and 11 U.S.C. §328(a). As hereinafter set forth, your Trustee respectfully

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 1 of 6

submits that such employment of Special Counsel on a contingent fee arrangement uniquely is appropriate in the circumstances of the instant case.

### Description of Claims and Proposed Joint
### Representation of Debtors and Trustee

3. Included among the assets of the instant bankruptcy estate is a claim against Sari K. Kurland, Esquire and The Law Offices of Sari K. Kurland PC (collectively, "Kurland"), initial counsel to the Debtors herein, for professional negligence in the performance of Kurland's professional duties and responsibilities owed to the Debtors in connection with the timing and filing of their *Voluntary Petition* herein.  Inevitably, said claim inextricably is bound up with a separate claim against Kurland for professional negligence in the performance of Kurland's professional duties and responsibilities owed to the Debtors in connection with Kurland's post-filing representation of the Debtors in the conduct of their Chapter 7 case.

4. While the above-described claim for pre-filing professional negligence manifestly is property of the bankruptcy estate subject to administration by the Trustee, the converse claim for post-filing professional negligence just as patently is property belonging to the Debtors.  In light of the intertwined and close relationship of those claims, the Trustee, personally and through counsel, and the Debtors, through successor counsel, have considered and negotiated for many months the appropriate procedure and vehicle by which those claims might most efficiently be combined and/or coordinated.  In the course of those ongoing communications, the Debtors identified O'Toole to the Trustee as prospective counsel to handle any contemplated litigation against Kurland.  In discussions with O'Toole, the Trustee and his counsel observed that in contemplation of representation of the Debtors (and, possibly, the Trustee), O'Toole had undertaken substantial and impressive efforts to familiarize himself with the complex factual

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 2 of 6

milieu of the instant proceedings and to identify and address multiple avenues for prosecution of the claims likely to be advanced. As a result of that investigation and preliminary effort, O'Toole advised of its willingness to proceed with representation of the Debtors (and, possibly, the Trustee) on a contingent fee basis pursuant to the express authority for such compensation arrangement set forth in 11 U.S.C. § 328(a).

5. Although the Trustee and the Debtors labored in earnest negotiations over many months to craft an acceptable joint arrangement by which O'Toole might be the subject of retention for the combined prosecution of the claims of the Debtors and the Trustee, those negotiations ultimately foundered as to an advance express allocation of any damages which might be awarded or settlement proceeds which might be received. As such, and in contemplation of the looming statute of limitations, the Debtors and the Trustee agreed to join forces in the retention of O'Toole jointly to prosecute the claims of both the Trustee and the Debtors, with all issues related to the allocation and ultimate receipt of the net proceeds of such claims being reserved by said parties for future agreement or disposition by this Court. Accordingly, on January 18, 2023, the Trustee executed and delivered the *Retainer Agreement* ultimately also executed by the Debtors and O'Toole in that form attached hereto and incorporated by reference herein as Exhibit 1.

6. As is revealed by review of the *Retainer Agreement*, O'Toole is proposed to be retained (subject, of course, to the approval of this Court) on a contingent fee basis with compensation payable in an amount equal to forty percent (40%) of any gross recovery.[1]

---

[1] Although the *Retainer Agreement* provides for a one-third contingency fee if the claims of the Debtors and the Trustee are resolved prior to filing suit with a 40% contingent fee payable thereafter, such lesser pre-suit fee provision has been rendered nugatory by Kurland's refusal to enter into a tolling arrangement prior to the expiration of the statute of limitations on January 22, 2023. See that *Complaint* filed on January 20, 2023 in *Kempes Jean, et al v. Sari Kurland, et al* in Adversary Proceeding No. 23-000017.

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 3 of 6

7. As a result of the Trustee's review of the factual background and merits of said litigation, the undersigned Trustee believes that continued prosecution of said litigation is in the best interests of the instant bankruptcy estate.

8. Your Applicant believes, and therefore avers, that the granting of the instant *Application* is the best interests of the instant estate and all interested persons herein.

9. The Trustee has made due inquiry of O'Toole with regard to the matters at issue herein as well as with respect to O'Toole's interactions and relationship with the Debtors and any other parties in interest herein. As reflected by the *Declaration* of the said Thomas O'Toole attached hereto as "Exhibit 2", your Trustee believes that although O'Toole heretofore have engaged with the Debtors in contemplation of their representation as aforesaid, such counsel do not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matters on which said attorneys are proposed to be employed. Therefore, your Trustee respectfully submits that O'Toole are eligible for employment, with the approval of this Court, pursuant to the express provisions of 11 U.S.C. § 327(e).

10. In further support of his *Application*, your undersigned Trustee respectfully notes that while O'Toole are fully qualified to represent the Estate in said litigation and eligible for appointment pursuant to 11 U.S.C. § 327(e) as noted aforesaid, the Trustee does not believe that other counsel would be available to prosecute said litigation upon those same or similar terms and conditions as provided in the *Retainer Agreement* in the event O'Toole's employment is not approved herein.

11. Except as hereinabove expressly disclosed in the *Declaration* with respect to their prior interactions and communications with the Debtors and their counsel in the above-described pending litigation, the said O'Toole have no association, nor are they in anyway connected, with

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 4 of 6

the Debtor, any of the creditors or other parties-in-interest herein, their respective attorneys, the United States Trustee, or any person employed in the Office of the United States Trustee.

## Conclusion

12. In consideration of the foregoing, your undersigned Trustee respectfully submits that the employment of Thomas O'Toole, Esquire and the law firm of O'Toole & Baroody as Special Counsel pursuant to 11 U.S.C. § 327(e) on a contingent fee basis as permitted by 11 U.S.C. 328(a) is in the best interests of the instant estate and all parties-in-interest herein, and therefore should be approved.

WHEREFORE, the undersigned Roger Schlossberg, Trustee, respectfully prays that this Honorable Court:

1. APPROVE the *Trustee's Application for Authority to Employ Special Counsel*.

2. AUTHORIZE the Trustee to employ the said Thomas O'Toole, Esquire and the law firm of O'Toole & Baroody as Special Counsel pursuant to the express provisions of 11 U.S.C. 327(e) upon the terms and conditions of the *Retainer Agreement* attached to the *Application* as Exhibit 1 as permitted by the express terms of 11 U.S.C. § 328(a).

3. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

Respectfully submitted,

SCHLOSSBERG | MASTRO

BY:    /s/ *Roger Schlossberg*
        Roger Schlossberg
        18421 Henson Boulevard, Suite 201
        P.O. Box 2067
        Hagerstown, MD 21742-2067
        (301) 739-8610

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 5 of 6

                                                         GARY A. ROSEN, CHARTERED

By:   */s/ Gary A. Rosen*
      Gary A. Rosen, Trustee
      13017 Wisteria Drive, No. 327
      Germantown, MD 20874

Attorneys for Trustee

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of January, 2023, that a copy of the foregoing was served electronically and/or mailed first class mail, postage prepaid to those recipients on the attached CMECF – Mail List as follows:

James Cochran
J.G. Cochran Auctioneers and Associates
7704 Mapleville Rd.
Boonsboro, MD 21713

Nurit Coombe
Re/Max Elite Service
6101 Executive Blvd. Suite 230
North Bethesda, MD 20852

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

                                                        */s/ Roger Schlossberg*
                                                  Roger Schlossberg

C:\Users\JKemmerer\Dropbox\Roger\Trustee\Jean\Professional Matters\O'Toole\jean.specialcounsel.application.rs.012623.docx

Page 6 of 6